**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-cv-01245-RFB-DJA<br><br>**SCREENING ORDER** |

### I.　INTRODUCTION

Plaintiff Tyrone Nunn, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983 and twice applied to proceed *in forma pauperis*. (ECF No. 1, 1-3). He also moves the Court to find and appoint him a free attorney. (ECF No. 1-2). The matter of the filing fee will be temporarily deferred. The Court now screens the Complaint under 28 U.S.C. § 1915A. Having done so, the Court finds that Nunn fails to state a colorable claim under any theory of liability. So, the Court grants Nunn leave to file a first amended complaint if he wishes to do so. And because there are no colorable claims pending, the Court denies without prejudice Nunn's motion for the appointment of counsel.

### II.　SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. §§ 1915A(b)(1),

(2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995), superseded on other grounds by 28 U.S.C. § 1915(e).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. Id. at 723–24. In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying [allegations] that, because

they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable—like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist—as well as claims based on fanciful factual allegations like fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989), superseded on other grounds by 28 U.S.C. § 1915(e).

### A. Analysis of Claims

The Complaint does not contain any factual allegations and is unclear, so it is difficult to discern the exact nature of Nunn's claims. Nunn appears to sue the NDOC and seeks monetary damages and injunctive relief like being moved to a different facility because he's currently housed in a prison that houses violent offenders. Nunn contends that the complaint brings claims under the Eighth Amendment, so that is where the Court begins.

Prison officials have an Eighth Amendment duty "to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). And the Eighth Amendment proscribes using physical force against a prisoner maliciously and sadistically for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). But prisoners do not have a liberty interest in their classification statuses, prison programming, or avoiding transfer to another prison. See e.g., Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (security classification); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (intrastate prison transfer); Olim v. Wakinekona, 461 U.S. 238, 245–46 (1983) (classification and interstate prison transfer), abrogated in part on other grounds by Sandin

v. Conner, 515 U.S. 472 (1995); Rizzo v. Dawson, 778 F.2d 527, 530–31 (9th Cir. 1985) (prison transfer and rehabilitation like vocational courses).

Nunn might be attempting to state claims under the Eighth Amendment about prison conditions, prison officials' failure to protect him against other inmates' violence, or prison officials' use of excessive force against him. But there are no factual allegations explaining how Nunn's rights were violated, who violated his rights, and when those violations happened. For this reason, the Court finds that Nunn has failed to state a colorable claim under any theory of liability. But out of an abundance of caution, the Court dismisses the complaint without prejudice and grants Nunn leave to file a first amended complaint to the extent that he can plead colorable claims that his federal rights were violated.

### B. Leave to Amend

Nunn is granted leave to file a **single** amended complaint. If Nunn chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989). This means Nunn's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. But Nunn may not bring claims on behalf of any other prisoner. Nunn also may not bring claims that he is pursuing in his other lawsuits. See Adams v. Cal. Dept. of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008), (explaining that "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant'").

Nunn must file the amended complaint on this Court's approved prisoner-civil-rights form. The amended complaint must be personally signed by him and titled "First Amended Complaint." Nunn must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege **facts** sufficient to show what **each defendant** did to violate **his** civil rights.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that a decision on the first application to proceed *in*

*forma pauperis* (ECF No. 1) is **DEFERRED**.

**IT IS FURTHER ORDERED** that the second application to proceed *in forma pauperis* (ECF Nos. 1-3, 1-4) is **DENIED** as incomplete and moot.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED without prejudice** for failure to state a claim.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel (ECF No. 1-2) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff has **60 days** from the date of this Order, to file a first amended complaint if he wishes to do so.

**IT IS FURTHER ORDERED** that the Clerk of the Court will file the complaint (ECF No. 1-1) and send Plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his (ECF No. 1-1) Complaint. If Plaintiff chooses to file an amended complaint, he must use the approved form and will title it "First Amended Complaint." The amended complaint will be screened in a separate screening order, and the screening process will take <u>many months</u>. If Plaintiff does not file an amended complaint within 60 days of this Order, this action will be subject to dismissal without prejudice for failure to state a claim.

**DATED:** April 14, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**